UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-36-01 (M/F) |
| | ) | |
| ANTHONY W. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Larry J. McKinney, Judge, on April 19, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 19, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held August 9, 2011, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure*[1]. Mr. Lewis appeared in person and with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender. The government appeared by Gayle Helart, Assistant United States Attorney. Jason Phillips, U. S. Parole and Probation officer, appeared and participated.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, Office of Indiana Federal Defender, was appointed to represent Mr. Lewis in regard to the pending Petition for Warrant or Summons for Offender Under Supervision, filed April 19, 2011.

2. A copy of the Petition was provided to Mr. Lewis and his counsel who informed the Court that they had read and understood the specification of violation and waived further reading thereof.

3. Mr. Lewis was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violation of his supervised release contained in the pending Petition.

4. Mr. Lewis was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Lewis was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Lewis was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Lewis had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney designation entered on April 19, 2011.

7. Mr. Dazey stated that Mr. Lewis desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Lewis then waived the preliminary hearing in writing and was held to answer.

8. Mr. Dazey stated that Mr. Lewis would stipulate there is a basis in fact to hold him on the specification of violation of supervised release set forth in the Petition.

9. The parties stated in open Court:

(1) That they were prepared to proceed to disposition of the pending Petitions to revoke Mr. Lewis's supervised release in open Court that date.

(2). The violation admitted to is as follows:

**Petition for Warrant or Summons for Offender Under Supervision, filed April 19, 2011:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall reside for a period of 120 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
| | On April 5, 2011, the offender left the Volunteers of America (VOA) without permission after being placed on lock down status due to non-compliant behavior. |

The Court placed Mr. Lewis under oath and directly inquired of Mr. Lewis whether he admitted the violation of specification of his supervised release set forth above. Mr. Lewis stated that he admitted the above violation of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Lewis has a relevant criminal history category of VI. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Lewis constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Lewis is 8 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Lewis's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 7 months. Further, upon release from confinement, Mr. Lewis will not be subject to supervised release.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court placed Mr. Lewis under oath and he admitted the above violation.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Lewis violated the specified condition of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Lewis's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of seven months. The service of the sentence shall begin immediately. It is recommended by the Magistrate Judge that Mr. Lewis be designated by the Attorney General of the United States and the Bureau of Prisons to the Federal Correctional

Institution closest to Dallas, Texas. At the conclusion of Mr. Lewis's term of confinement, he will not be subject to supervised release.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Lewis stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Lewis entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Lewis's supervised release and the sentence imposed of imprisonment of 7 months in the custody of the Attorney General or his designee. The Magistrate Judge also

recommends that the defendant be designated to the Federal Correctional Institution closest to Dallas, Texas. Further, that upon Mr. Lewis's release from confinement, he will not be subject to supervised release.

IT IS SO RECOMMENDED this 11th day of August, 2011.

                                                    Kennard P. Foster, Magistrate Judge
                                                    United States District Court
                                                      Southern District of Indiana

Distribution:

Gayle Helart,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal